IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| S&B INDUSTRY, INC. d/b/a FOX CONN S&B | § § § | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Katelynn Baker and Tia Rice who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, S&B Industry, Inc. d/b/a Fox Conn S&B, discriminated against Katelynn Baker and Tia Rice in violation of the Americans with Disabilities Act, as amended, by failing or refusing to hire them because of their disability, hearing impairment. The Commission further alleges that Defendant discriminated against Katelynn Baker and Tia Rice in violation of the ADA by failing or refusing to provide them with a reasonable accommodation during the application process.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12117(a), which

incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.  Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, as amended, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendant, S&B Industry, Inc. d/b/a Fox Conn S&B, has continuously been doing business in the State of Texas, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2).

**COMPLAINT**  2

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Katelynn Baker and Tia Rice filed charges with the Commission alleging violations of Title I of the ADA, as amended, by Defendant.

8. On September 5, 2014, EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 18, 2014, EEOC issued to Defendant a Notice of Conciliation Failure, advising the Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least June 2013, Defendant has engaged in unlawful employment practices at its Fort Worth, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. The unlawful practices were to discriminate against Katelynn Baker and Tia Rice by failing or refusing to hire them because of their disability, hearing impairment, in violation of 42 U.S.C. § 12112(a), as amended. Defendant further discriminated against Katelynn Baker and Tia Rice by failing to provide them with a reasonable accommodation during the application process in violation of 42 U.S.C. §§12112(a) and (b), as amended.

12. Katelynn Baker and Tia Rice have been and are qualified persons with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8)  Baker and Rice each have a hearing impairment that substantially limits a major life activity

**COMPLAINT**                                                                                           3

13. Katelynn Baker and Tia Rice went together and applied for jobs with Defendant through a staffing agency in approximately June 2013. Baker and Rice applied for full-time jobs with Defendant. They applied for positions repairing cell phones in Defendant's cell phone repair facility. During the orientation, Baker and Rice used American Sign Language to communicate with one another.

14. Baker and Rice went through an orientation and interview process with Defendant. Baker and Rice arrived on time for the orientation and interview process and were given badges.

15. Defendant became aware that Baker and Rice are hearing impaired. During an interview and orientation meeting with one of Defendant's supervisors, Baker and Rice requested that the supervisor provide written information to Baker and Rice about the positions for which they were applying. Defendant's supervisor initially complied, but then refused to continue writing information for them, thereby failing or refusing to provide Baker and Rice with a reasonable accommodation. Defendant did notprovide any other type of reasonable accommodation to allow them to participate fully in the orientation and interview process. Baker and Rice were told that Defendant would not hire them and their badges were confiscated.

16. The effect of the practices complained of above have been to deprive Katelynn Baker and Tia Rice of equal employment opportunities and to otherwise adversely affect their status as an applicant for employment because of their disability.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Katelynn Baker and Tia Rice.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing or refusing to hire qualified individuals because of their disability, (2) failing to provide applicants and employees with reasonable accommodations; and (3) engaging in any other employment practice which discriminates on the basis of disability;

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order the Defendant to pay Katelynn Baker and Tia Rice appropriate back wages and benefits, in amounts to be proven at trial, for the losses resulting from the unlawful employment practices described above, with prejudgment interest and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D.     Order Defendant to make whole Katelynn Baker and Tia Rice by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, job search expenses, in amounts to be determined at trial;

E.     Order Defendant to make whole Katelynn Baker and Tia Rice by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Katelynn Baker and Tia Rice punitive damages for its malice or reckless indifference, as described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

　/s Joel P. Clark
JOEL P. CLARK
Senior Trial Attorney
Texas Bar No. 24050425

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　6

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)

**COMPLAINT** 7