IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } | |
| Plaintiff, | } | CIVIL ACTION NO. |
| v. | } } | 3:15-cv-00614-D |
| S&B INDUSTRY, INC. d/b/a FOX CONN S&B | } } | |
| Defendant. | } } | |

# EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

P.DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, Texas 75202
(214) 253-2743
FAX (214) 253-2749

i

# **TABLE OF CONTENTS**

SUMMARY……………………………………………………………………………..1

SUMMARY JUDGMENT STANDARD……………………………………………….1

    A.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON
AFFIRMATIVE DEFENSES 1, 4, 5, 12, 14, 16, 17, 20, and 22
AS CONCLUSORY ALLEGATIONS…………………………………………..2

    B.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSE 13;
LACHES, WAIVER AND ESTOPPEL DO NOT APPLY TO THIS CASE…….5

    C.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT
ON AFFIRMATIVE DEFENSE 2 …………………………………………….9

    D.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT
ON AFFIRMATIVE DEFENSE 4……………………………………………11

CONCLUSION…………………………………………………………………………...13

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986) .................................................................. 2

*Armco Inc. v. Armco Burglar Alarm Co., Inc.,* 693 F.2d 1155, 1161 (5th Cir. 1982)..................... 5

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) ............................................................................... 4

*Bittakis v. City of El Paso,* 2006 WL 897681 at *2 (W.D.Tex. Mar. 31, 2006)............................. 4

*Braquet v. Tetra Applied Technologies*, 2013 WL 3245337 at *3 (W.D. La., June 26, 2013); ..... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 2

*Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996) ............................................. 12, 16

*EEOC v. Amsted Rail Co. Inc.*, 2016 WL 233396 (S.D. Ill. Jan. 20, 2016) ................................. 10

*EEOC v. Bass Pro Outdoor World*, 2014 WL 838477 (S.D.Tex. 2014)...................................... 11

*EEOC v. Bass Pro Outdoor World, Inc.,* 2014 WL 838477 (S.D. Tx. Mar. 4, 2014) ................... 11

*EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199, 1203 (11th Cir. 1982) ..................................... 7

*EEOC v. Global Horizons,* 2014 WL 800597 at *7 (D. Hi., Feb.28, 2014).................................. 7

*EEOC v. Klingler Elec. Corp*, 636 F.2d 104, 107 (1981).............................................................. 11

*EEOC v. Lockheed Martin Global Technologies Inc.,* 514 F.Supp.2d 797, 801 (D. Md. 2007).... 7

*EEOC v. Peterson, Howell & Heather, Inc.,* 702 F.Supp. 1213, 1222 (D.Md.1989)...................... 8

*EEOC v. Propak Logistics, Inc.*, 884 F.Supp. 2d 433, 443 (W.D.N.C., Aug. 7, 2012).................. 8

*EEOC v. Riverview Animal Clinic*, 761 F.Supp.2d 1296, 1304 (N.D. Ala., Dec. 20, 2010).......... 7

*EEOC v. Watkins Motor Lines Inc.,* 463 F.3d 439 (6th Cir. 2006)................................................. 5

*Equal Employment Opportunity Commission v. Lawler Foods, Inc.,* 2015 WL 8457816 (S.D.
   Tex. Dec. 14, 2015) .................................................................................................................. 10

*Esso International Inc. v. SS Captain John,* 443 F.2d 1144, 1150 (5th Cir. 1971) ......................... 6

*Harris v. Amoco Production Co*; 768 F.2d 669, 677 (5th Cir. 1985) ........................................... 12

*Heckler v. Community Health Services of Crawford County, Inc.*, 104 S.Ct. 2218, 2223-2224
   (1984)......................................................................................................................................... 8

*Holtzman v. B/E Aerospace, Inc.*  2008 WL 2225668 at *2 (S.D.Fla. May 29, 2008).................... 9

*Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) ...................................................... 2

<u>LTV</u> *Educational Systems, Inc. v. Bell*, 862 F.2d 1168, 1172 (5th Cir. 1989) ............................... 1

*Mach Mining LLC v. EEOC*, 135 S.Ct. 1645 (2015) ..................................................................... 9

*Marshall v. Sun Oil Co.,* 505 F.2d 1331, 1335 (5th Cir. 1979) .................................................... 11

*Marshall v. Sun Oil,* 605 F.2d 1331, 1335 (5th Cir. 1979) .............................................................. 11

*Matsushita Electrical Industries Co. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986) ................. 2

*Microsoft Corp. v. Worth,* 2007 WL 1975574 at *2 (N.D. Tex. July 5, 2007) ............................... 5

*Mumphrey v. Credit Solutions of America, Inc.*, 2010 WL 652834 at *1 (N.D. Tex. Feb. 24, 2010) ................................................................................................................................. 4

*OKC Corporation v. Williams*, 461 F.Supp. 540, 550 (N.D.Tex.1978) ......................................... 5

*Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y.1991) ............................................................... 9

*Tobacco Workers Int'l Union, Local 317 v. Lorillard Corp.,* 448 F.2d 949, 958 (4th Cir.1971) ... 7

*Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ............................................................ 4

**Statutes**

42 U.S.C. §2000e-5(b) ........................................................................................................ 10, 11, 12

**Rules**

Fed. R. Civ. Pro. 56 ......................................................................................................................... 1

Federal Rules.  Fed. R. Civ. P. 7(a) ................................................................................................ 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } | 3:15-cv-00614-D |
| S&B INDUSTRY, INC. d/b/a FOX CONN S&B | } } } | |
| Defendant. | } } } | |

### EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

COMES NOW the Plaintiff, Equal Employment Opportunity Commission (hereafter EEOC) and pursuant to the Court's Scheduling Order and Fed. R. Civ. Pro. 56, files this Motion for Partial Summary Judgment. The EEOC seeks summary judgment as a matter of law on Defendant S&B Industry Inc.'s (hereafter "Defendant" or "S&B Industry") Affirmative Defenses Nos. 1, 2, 4, 5, 12, 13, 14, 16, 17, 20, and 22 as stated in Defendant's Answer (Dkt. 6).

### A.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES 1, 4, 5, 12, 14, 16, 17, 20, and 22 AS CONCLUSORY ALLEGATIONS

EEOC is entitled to partial summary judgment on the Defendant's Affirmative Defenses 1, 4, 5, 12, 14, 16, 17, 20, and 22 which are simply conclusory allegations that do not give EEOC fair notice of the defense being asserted. Specifically, EEOC is entitled to partial summary judgment on the following:

Affirmative Defense 1

1

Plaintiff's claims should be dismissed in whole or in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state a claim upon which relief can be granted.

Affirmative Defense 4

Plaintiff has failed to meet the administrative prerequisites necessary to file some, or all, of its claims brought on behalf of Katelynn Baker and Tia Rice.

Affirmative Defense 5

Some or all of Plaintiff's allegations against Defendant are outside the scope of or inconsistent with the charges of discrimination filed by Katelynn Baker and Tia Rice.

Affirmative Defense 12

Pending discovery, Plaintiff's claims brought on behalf of Katelynn Baker and Tia Rice are barred in whole or part by the applicable statute of limitations.

Affirmative Defense 14

Alternatively, should Plaintiff recover damages on behalf of Katelynn Baker and Tia Rice, the entitlement to which is expressly denied, Defendant is entitled to an offset.

Affirmative Defense 16

On information and belief pending discovery, Katelynn Baker's and Tia Rice's alleged damages are barred and/or limited by the after-acquired evidence doctrine, respectively.

Affirmative Defense 17

Plaintiff is not entitled to, and the law does not allow, the damages pled by Plaintiff on behalf of Katelynn Baker and Tia Rice.

Affirmative Defense 20

The imposition of punitive damages sought by Plaintiff would violate Defendant's rights under the Constitutions of the United States and the State of Texas.

Affirmative Defense 22

Punitive or exemplary damages are not available because any alleged discriminatory actions were contrary to Defendant's policies and good faith efforts to comply with all applicable employment discrimination laws. Moreover, the conduct complained of by Plaintiff, was performed or carried out in good faith reasonable belief that such conduct was not in violation of Katelynn Baker's and Tia Rice's rights.

The Fifth Circuit has specifically found that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint"…[A] defendant…must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced. *Mumphrey v. Credit Solutions of America, Inc.*, 2010 WL 652834 at *1 (N.D. Tex. Feb. 24, 2010), citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "[T]he pleading of an affirmative defense does not require 'detailed factual allegations,' but it does demand more than a boilerplate assertion devoid of factual support. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do [*quoting Twombly at 550 U.S. at 555*]." A plaintiff, when faced with affirmative defenses, is entitled to receive enough specific facts to give the plaintiff "fair notice" of the defense. *See Mumphrey, supra,* citing *Woodfield,* 193 F. 3d at 362. EEOC objects to the above listed Affirmative Defenses because they do not provide any fair notice to the Commission of what affirmative defense the Defendant is asserting or what claims the Defendant believes EEOC should be barred from pursuing.

Under Federal Rule 12(f), a Court may, on its own motion or on motion by a party, strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." "'Immateriality is established by showing the challenged allegations 'can have no possible bearing upon the subject matter of the litigation (*citations omitted*).'" *Bittakis v. City of El Paso,* 2006 WL 897681 at *2 (W.D.Tex. Mar. 31, 2006). A court may strike any portion of a pleading as irrelevant where: (1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party. *OKC Corporation v. Williams*, 461 F.Supp. 540, 550 (N.D.Tex.1978), cited in *Microsoft Corp. v. Worth,* 2007 WL 1975574 at *2 (N.D. Tex. July 5, 2007). An answer is a pleading under the Federal Rules. Fed. R. Civ. P. 7(a). The Commission requests that the Court strike Affirmative Defenses 1, 5, 12, 14, 16, 17, 20, and 22. In the alternative, EEOC moves for partial summary judgment on Affirmative Defenses 1, 4, 5, 12, 13, 14, 16, 17, 20, and 22.

### B.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSE 13; LACHES, WAIVER AND ESTOPPEL DO NOT APPLY TO THIS CASE

EEOC seeks partial summary judgment on the Defendant's Affirmative Defense 13. In its Answer to EEOC's Complaint, Defendant raises the following Affirmative Defense:

Affirmative Defense 13

Pending discovery, Plaintiff's claims brought on behalf of Katelynn Baker and Tia Rice are barred by the doctrines of laches, waiver estoppel, and unclean hands.

Laches is the "negligent and unintentional failure to protect one's rights." *EEOC v. Watkins Motor Lines Inc.,* 463 F.3d 439 (6th Cir. 2006). The defense of laches has three elements: (1) delay in asserting a right or claim; (2) that the delay was inexcusable; and (3) that

undue prejudice resulted from the delay.  457 Fed. Appx. 431, 441 (5th Cir. 2012); *Armco Inc. v. Armco Burglar Alarm Co., Inc.,* 693 F.2d 1155, 1161 (5th Cir. 1982).  The existence of laches is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case. *Braquet v. Tetra Applied Technologies*, 2013 WL 3245337 at *3 (W.D. La., June 26, 2013); *Esso International Inc. v. SS Captain John,* 443 F.2d 1144, 1150 (5th Cir. 1971). In this instance, there is no evidence of a delay by the EEOC in prosecuting this case under the Americans With Disabilities Act of 1991; nor can the Defendant prove any prejudice as a result of any delay. The undisputed facts show the following chronology:

1. Charging Party Katelynn Baker filed her charge of discrimination with the EEOC on July 22, 2013. (App.1-5).

2. Charging Party Tia Rice filed her charge of discrimination with the EEOC on July 22, 2013. (Appendix 6-10)

3. EEOC issued its Letter of Determination with respect to Tia Rice's charge on September 5, 2014.  (App.11-12)

4. EEOC issued its Letter of Determination with respect to Katelynn Baker's charge on September 5, 2014. (App.13-14)

5. EEOC attempted conciliation of Rice's charge of discrimination, sending out a draft conciliation agreement on September 5, 2014. EEOC also attempted conciliation of Baker's charge of discrimination, sending out a draft conciliation agreement on September 5, 2014. (App. 15-34); (Affidavit of Karen Heard; App.37-38).

6. The parties engaged in discussion relating to possible monetary and non-monetary relief in order to resolve the case during conciliation. Specifically, the parties exchanged offers regarding the non-monetary and monetary relief proposed by the Commission. (App. 15-34); (Affidavit of Karen Heard; App.37-38).

7. Unable to reach agreement, EEOC failed conciliation for both Baker and Rice on December 18, 2014. (App.35-36).

8. EEOC filed suit in this case on February 26, 2015. (Dkt. No. 1).

As these facts show, there was no delay by the EEOC in initiating this action. EEOC filed its lawsuit within 1 year and 7 months from the time of initial filing of the charge, through investigation, agency finding and ultimately, conciliation efforts to resolve the claims. In other cases involving the EEOC, courts have declined to find laches in which there has been a delay of five years from the date of charge to the date of prosecution. *EEOC v. Global Horizons,* 2014 WL 800597 at *7 (D. Hi., Feb.28, 2014). In this case, S&B Industry cannot meet its burden of proving that there was an inexcusable delay, unreasonable delay or any delay at all.

Similarly, S&B cannot establish that it has been prejudiced by the timing of the EEOC's prosecution of this case. Prejudice is demonstrated by a disadvantage in asserting or establishing a claimed right, or some other harm caused by detrimental reliance on the plaintiff's conduct. *EEOC v. Lockheed Martin Global Telecommunications, Inc.,* 514 F.Supp.2d 797, 801 (D. Md. 2007). "Classic elements of undue prejudice include unavailability of witnesses, changed personnel, and the loss of pertinent records." *EEOC v. Riverview Animal Clinic*, 761 F.Supp.2d

1296, 1304 (N.D. Ala., Dec. 20, 2010); *see also EEOC v. Dresser Industries, Inc.,* 668 F.2d 1199, 1203 (11th Cir. 1982).  The Defendant must prove that any lost evidence would ultimately support its position. *EEOC v. Lockheed;* 514 F.Supp.2d at 803; *Tobacco Workers Int'l Union, Local 317 v. Lorillard Corp.,* 448 F.2d 949, 958 (4th Cir.1971). Ultimately, the Court must determine "whether the defendant has been crippled in its ability to succeed on the merits at trial." *EEOC v. Propak Logistics, Inc*., 884 F.Supp. 2d 433, 443 (W.D.N.C., Aug. 7, 2012); *EEOC v. Peterson, Howell & Heather, Inc.,* 702 F.Supp. 1213, 1222 (D.Md.1989).

Similarly, EEOC is entitled to partial summary judgment on the Affirmative Defense 2, claiming EEOC's action is barred by waiver and estoppel.  Generally speaking, estoppel is an equitable doctrine invoked to avoid injustice in particular cases. A party claiming estoppel must show that its adversary engaged in a definite misrepresentation that the first party relied upon in such a manner as to change its position for the worse. Further, the party claiming estoppel must show that the reliance was reasonable in that the party did not know nor should it have known that its adversary's conduct was misleading.  *Heckler v. Community Health Services of Crawford County, Inc.*, 104 S.Ct. 2218, 2223-2224 (1984). EEOC in not aware of any action taken by the Ms. Baker or Ms. Rice that would waive their right to recovery in this case, and S&B Industry has demonstrated no basis in fact for precluding them from pursuing their claims through the EEOC's civil action which was brought on behalf of their interests as well as the public interest.

Because S&B Industry has not specifically alleged facts supporting any credible argument for estoppel or waiver, the EEOC is not in a position to prepare adequately to respond

to those defenses.  Although the Commission is at a loss as to what actions of Ms. Baker or Ms. Rice would lead to a waiver or estoppel of the EEOC's rights to bring this cause of action, S&B Industry has not satisfied, and cannot meet the requirement to "provide more than "bare-bones conclusions." A plaintiff "should not be left to discover the bare minimum facts constituting a defense until discovery, since "'the purpose of discovery is to find out additional facts about a well-pleaded claim, *not to find out whether such a claim exists*.'" *Holtzman v. B/E Aerospace, Inc.* 2008 WL 2225668 at *2 (S.D.Fla. May 29, 2008), citing *Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y.1991)(emphasis added). Therefore, EEOC seeks partial summary judgment on Affirmative Defense 13.

### C.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE 2

EEOC seeks partial summary judgment on the Defendant's Affirmative Defense 2. In its Answer, Defendant asserts the following:

Affirmative Defense 2

Plaintiff has failed to comply with mandatory statutory prerequisites to initiating this action, including, but not limited to, a failure to conciliate in good faith.  Because of this failure this lawsuit should be dismissed.

On April 29, 2015, the U.S. Supreme Court issued a decision in *Mach Mining LLC v. EEOC*, 135 S.Ct. 1645 (2015), in which it held that Title VII affords only a "limited review" of EEOC's conciliation. *Id*. at 1656. This "relatively barebones review" is intended to "verify" whether EEOC notified "the employer about the specific allegation" by describing "what the employer has done and which employees (or what class of employees) have suffered as a result,"

and whether EEOC engaged "the employer in some form of discussion (whether written or oral)" to enable the employer to remedy the discrimination. *Id*. The Court rejected the argument that EEOC "must also lay out 'the factual and legal basis for' all its positions, including the calculations underlying any monetary relief." *Id*. at 1654-56; *see also Equal Employment Opportunity Commission v. Lawler Foods, Inc.,* 2015 WL 8457816 (S.D. Tex. Dec. 14, 2015).

EEOC's conciliation efforts are subject to judicial review "but that review is narrow." *EEOC v. Amsted Rail Co. Inc.*, 2016 WL 233396 (S.D. Ill. Jan. 20, 2016). The Supreme Court laid out a two-part test in *Mach Mining* to determine whether the EEOC has complied with the statutory requirement of 42 U.S.C. §2000e-5(b).[1] The EEOC must tell the employer about the claim – essentially what practice has harmed which person or class – and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance." *Id*. at *3.

The EEOC attaches an Affidavit from EEOC investigator Karen Heard (App.37-38) relating to conciliation because the Court in *Amsted Rail Co.* appeared to rely on an Affidavit from the EEOC investigator in reaching its decision.[2]

In this case, the documents show that the EEOC notified the Defendant about the specific allegations at issue. EEOC's Letters of Determination, dated September 5, 2014 (App. 11-14), provided the Defendant with a clear description of EEOC's findings that the company

---

[1] In 42 U.S.C. § 12117(a), the ADA incorporates the enforcement procedure set forth in Title VII, which states, in pertinent part, that if the EEOC determines there is reasonable cause to believe an individual's charge of discrimination is true, the EEOC shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. *EEOC v. Amsted Rail Co. Inc.*, 2016 WL 233396 at *3 (S.D. Ill. 1/20/16).
[2] *Id*. at *4-6.

**EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** 9
*EEOC v. S&B Industry, Inc.*

discriminated against both Katelynn Baker and Tia Rice by refusing to hire them because of their disabilities and by denying Baker and Rice a reasonable accommodation during the application and interview process in violation of the Americans With Disabilities Act. And, EEOC sent S&B Industry a draft Conciliation Agreement containing non-monetary and monetary relief necessary to settle the case, and then engaged in discussion so that the parties could resolve the case without court intervention. (App. 15-34). The EEOC complied with the statutory requirement of 42 U.S.C. §2000e-5(b), as incorporated into the ADA. Thus, EEOC seeks partial summary judgment on Affirmative Defense 2.[3]

And, even if S&B Industry is able to prove that the EEOC failed to conciliate in good faith, the remedy is not dismiss of the case, but rather, more conciliation. Courts have recently agreed that the appropriate remedy for a failure to conciliate is not dismissal. "The Supreme Court has made clear that, as a general rule, the remedy for a deficiency in a process is more process, not letting one party off the hook entirely." *EEOC v. Bass Pro Outdoor World, Inc.,* 2014 WL 838477 (S.D. Tx. Mar. 4, 2014)   Here, the evidence shows that the EEOC engaged in

---

[3] Although the Fifth Circuit's standard of EEOC's conciliation review was superseded by the Supreme Court's holding in *Mach Mining*, given the above undisputed facts, it is clear that the Commission engaged in "good faith" conciliation. The EEOC met the Fifth Circuit three-part process in which the EEOC is required to: (1) outline to the employer the reasonable cause for its belief that the law has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *EEOC v. Klingler Elec. Corp*, 636 F.2d 104, 107 (1981). The reasonableness of the EEOC's response depends in part on the degree to which the employer is willing to engage in the process. "Courts must evaluate one party's efforts with an eye to the conduct of the other party." *EEOC v. Bass Pro Outdoor World*, 2014 WL 838477 (S.D.Tex. 2014), citing *Marshall v. Sun Oil,* 605 F.2d 1331, 1335 (5th Cir. 1979). It has generally been agreed that conciliation requires outlining the basis of the charge, but does not require a mini-trial. The EEOC is not required to "produce as much evidence as it would need to prevail at trial, to satisfy the alleged wrongdoer or to meet some nonexistent burden of proof." *Marshall v. Sun Oil Co.,* 605 at 1335.

good faith conciliation prior to filing suit. EEOC is entitled to partial summary judgment on this issue.

### D.  EEOC IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE 4

EEOC is entitled to summary judgment on Affirmative Defense 4 for the reasons provided in Section A of this motion and brief. In the alternative, EEOC is entitled to partial summary judgment on Affirmative Defense 4 because it has met all administrative prerequisites.

Affirmative Defense 4

Plaintiff has failed to meet the administrative prerequisites necessary to file some, or all, of its claims brought on behalf of Katelynn Baker and Tia Rice.

Employees must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violations of the ADA. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996); *see also Harris v. Amoco Production Co*; 768 F.2d 669, 677 (5th Cir. 1985)("If the Commission has notified the implicated employer, investigated the claim, found reasonable cause to conciliate, the agency can bring suit in its own name.") As the documents provided in the Appendix to this Brief show, EEOC met each of these conditions precedent in the instant suit. (App. 1-38). The ADA incorporates by reference the procedures applicable to actions under Title VII. *Id.*[4] Section 2000e-5(e)(1) provides that, before a plaintiff can commence an action in federal court, she must timely file a charge with the

---

[4] Title VII provides: The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6 and 2000e-9 of this title shall be the powers, remedies and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this subchapter.

EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice.

As the documents provided in the Appendix to this Brief show, EEOC met each of these conditions precedent in the instant suit. (App. 1-38).

1. Charging Party Tia Rice and Katelynn Baker filed charges of discrimination on July 22, 2013. (Charges of Discrimination, App. 1-10)

2. EEOC conducted an investigation into the charges of discrimination. (Affidavit of Karen Heard, App. 37-38)

3. EEOC issued a Letter of Determination, finding that there was reasonable cause to believe that the Respondent discriminated against Tia Rice and Katelynn Baker because of their disability. (Letter of Determination, App. 11-14)

4. EEOC and the Respondent engaged in good faith conciliation. (App. 15-34); (Affidavit of Karen Heard, App. 37-38).

5. EEOC filed suit pursuant to its mission under the ADA on February 26, 2015. (Dkt. 1)

Therefore, the EEOC requests that this Court grant the EEOC partial summary judgment on the Defendant's Affirmative Defense 4.

## **CONCLUSION**

Wherefore, premises considered, EEOC respectfully requests that this Court grant partial summary judgment to the EEOC on 1, 2, 4, 5, 12, 13, 14, 16, 17, 20, and 22. EEOC requests such other and further relief to which it may be entitled.

        Respectfully submitted,

        P.DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN Y. REAMS
        Associate General Counsel

        ROBERT A. CANINO
        Regional Attorney
        Oklahoma Bar No. 011782

        SUZANNE M. ANDERSON
        Supervisory Trial Attorney
        Texas State Bar No. 14009470

        /s/ Joel Clark
        JOEL CLARK
        Senior Trial Attorney
        Texas State Bar No. 24050425

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office

                                        207 S. Houston Street
                                        3rd Floor
                                        Dallas, Texas 75202
                                        (214) 253-2743
                                        FAX (214) 253-2749

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been served on all counsel of record for the Defendant at the address listed below on this 27th day of April, 2016.

Heidi Harrison
Ogletree, Deakins, Nash, Smoak & Stewart
8117 Preston Road, Suite 500
Dallas, Texas  75225

                                        /s/ Joel Clark
                                        JOEL CLARK